20-449-pr
*Garcia v. Franchi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-one.

PRESENT:     GUIDO CALABRESI,
             REENA RAGGI,
             DENNY CHIN,
                          *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


RUBEN GARCIA,
                          *Petitioner-Appellant*,


             -v-                                      20-449-pr


SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE,
                          *Respondent*,

MICHAEL FRANCHI, Warden, Suffolk County Jail
                          *Respondent-Appellee*.[1]


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR PETITIONER-APPELLANT:     RICHARD M. LANGONE, Langone &
                              Associates, PLLC, Garden City, New York.


FOR RESPONDENT-APPELLEE:      TIMOTHY P. FINNERTY, Assistant District
                              Attorney, *for* Timothy D. Sini, District Attorney
                              of Suffolk County, Riverhead, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-appellant Ruben Garcia appeals the district court's judgment, entered January 23, 2020, denying his petition for a writ of habeas corpus. The district court explained its reasoning in a memorandum decision and order entered January 21, 2020. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Garcia was convicted in New York state court of two misdemeanor offenses -- sexual misconduct, N.Y. Penal Law § 130.20(1), and sexual abuse in the second degree, N.Y. Penal Law § 130.60(2) -- for sexually assaulting his niece, V.B., when she was nine years old. At trial (when V.B. was eighteen years old), Garcia sought to introduce testimony regarding another allegation V.B. had made against him; namely, that he raped her on another occasion in the presence of his daughter. V.B.

2

purportedly reported this other alleged assault to her mother, who then informed a caseworker from Child Protective Services. Garcia sought to elicit testimony from the caseworker as to the fact that V.B.'s mother reported this second incident, and to have his daughter testify that the incident did not occur. Through this testimony, Garcia hoped to undermine the credibility of V.B. and her mother. The trial court refused to allow this line of inquiry, however, on the ground that defense counsel had failed to ask V.B. or her mother about this specific allegation during their testimony.

Garcia was sentenced to one year's imprisonment, and his conviction was affirmed on appeal, *see People v. Garcia*, 112 N.Y.S.3d 419, 2018 WL 6627725 (N.Y. App. Term 2018). On October 1, 2019, he filed his petition for a writ of habeas corpus in the court below. In denying the petition, the district court certified a single issue for our review -- "whether the trial court deprived petitioner of his right to present a defense by restricting the direct examination of [his daughter] and precluding the testimony of the caseworker." *Garcia v. Franchi*, No. 19-CV-5547 (BMC), 2020 WL 353099, at *8 (E.D.N.Y. Jan. 21, 2020). We affirm.

We review a district court's denial of a habeas petition *de novo*. *Scrimo v. Lee*, 935 F.3d 103, 111 (2d Cir. 2019). The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, provides the "standards for federal habeas review of state court decisions." *Sellan v. Kuhlman*, 261 F.3d 303, 308 (2d Cir. 2001). AEDPA restricts habeas relief "with respect to any claim that was adjudicated on the merits in State court

3

proceedings" to those that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A decision is "contrary to" Supreme Court precedent when it arrives at the opposite conclusion on a question of law on "a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A decision involves "[a]n unreasonable application of" Supreme Court precedent when it is "objectively unreasonable," or "fails to extend a principle of clearly established law to situations which that [precedent] should have, in reason, governed."  *Scrimo*, 935 F.3d at 112 (internal quotation marks omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."  *Id.* (internal quotation marks omitted).

We review the last state court to "explain[] its decision on the merits in a reasoned opinion."  *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  In affirming Garcia's conviction, the New York State Supreme Court, Appellate Term, held that the trial court did not err in excluding testimony regarding the uncharged rape allegation because (1) the evidence would be cumulative because "defendant had already elicited testimony from the victim tending to suggest that the victim had made inconsistent allegations

4

regarding the total number of sexual abuse incidents that had occurred to her"; and (2) "the limited probative value of the evidence was outweighed by the danger that it would obscure the main issue in this case, i.e., whether the incident in question had actually occurred, and mislead the jury." *People v. Garcia*, 112 N.Y.S.3d 419, 2018 WL 6627725, at \*2 (N.Y. App. Term 2018). While the evidence Garcia sought to introduce would likely have had some additional impeachment value, in light of (1) the limited probative value of the evidence, some of which was hearsay as to V.B.; (2) the danger of confusion from the introduction of evidence of a separate, uncharged rape; and (3) the fact defense counsel had been permitted to suggest in cross-examination that V.B. had made inconsistent allegations, we agree with the district court that the Appellate Term's affirmance was not objectively unreasonable.

We have considered Garcia's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk